# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

TYRONE ELLIS                                                                                    PLAINTIFF
ADC #149250

v.                                         5:17cv00304-JLH-JJV

TERRIE L. BANISTER,
Hearing Officer, ADC; *et al.*                                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.     INTRODUCTION**

Tyrone Ellis ("Plaintiff") is incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC") and filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) He alleges Defendant Terrie L. Banister, an ADC Hearing Officer, violated his Eighth and Fourteenth Amendment rights by failing to find his statement credible and sentencing him to thirty days in punitive isolation for a disciplinary violation. (*Id*. at 4.) He further alleges Defendant Gaylon Lay, Warden at the East Arkansas Regional Unit, and Defendant Raymond Naylor, the ADC's Disciplinary Hearing Administrator, violated his rights by affirming the guilty finding.[1] (*Id*. at 5.) Plaintiff alleges the thirty days in punitive isolation constituted an atypical and significant hardship. (*Id*. at 4-5.) He seeks damages in the amount of $500,000 from each Defendant and a transfer to another unit of the ADC. (*Id*. at 6.)

After careful review of Plaintiff's Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

---

[1] Documents attached to Plaintiff's Complaint show he was found guilty of indecent exposure. (Doc. No. 2 at 9.) This finding was ultimately reversed on appeal to the Director. (*Id*. at 7.)

2

## II. SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. ANALYSIS

The Fourteenth Amendment prohibits the deprivation of life, liberty, or property without due process of law, even for prisoners. *Hudson v. Palmer*, 468 U.S. 517, 523 (1984). However, "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin v. Conner*, 515 U.S. 472, 485 (1995) (citations omitted).

In order to maintain an actionable procedural due process claim, an inmate must show that he has been deprived of some constitutionally protected liberty or property interest. *See Ragan v. Lynch*, 113 F.3d 875, 876 (8th Cir. 1997) ("A due process claim is cognizable only if there is a recognized liberty or property interest at stake."). In prisoner cases, a constitutionally protected liberty interest will arise only when the prisoner can show he has suffered an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life," as contemplated in *Sandin v. Conner,* 515 U.S. at 484. The *Sandin* Court held that an inmate's disciplinary segregated confinement fell within expected parameters of prison life and did not represent an "atypical and significant hardship" that would create a protected liberty interest. *Id*. at 485-86.

The Eighth Circuit Court of Appeals has interpreted *Sandin* as follows:

> *Sandin* concluded that the inmate had no liberty interest in avoiding the disciplinary confinement in issue in that case because that confinement did not present an atypical and significant deprivation in relation to the ordinary incidents of prison life. Therefore, the Due Process Clause was not implicated despite the mandatory nature of the rules relating to the imposition of disciplinary confinement. The Court stated that there are some deprivations, and not necessarily those so severe as to independently trigger due process protection, against which states could conceivably create a liberty interest. Those are deprivations which work such major disruptions in a prisoner's environment and life that they present dramatic departures from the basic conditions and ordinary incidents of prison sentences.

*Moorman v. Thalacker*, 83 F.3d 970, 972 (8th Cir. 1996) (internal citations omitted); *see also Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (holding that denial of contact visitation, exercise privileges, and religious services during thirty-seven day segregation was not an atypical, significant hardship that would support the denial of a protected liberty interest, and stating that "[w]e have consistently held that demotion to segregation, even without cause, is not itself an atypical and significant hardship"); *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (prisoner had no constitutionally protected liberty interest in remaining in less restrictive prison

4

environment, and therefore was not denied due process); *Wycoff v. Nichols*, 94 F.3d 1187, 1190 (8th Cir. 1996) (prisoner had no liberty interest in avoiding segregation).

Plaintiff has not shown he was subjected to an atypical and significant hardship in serving thirty days in punitive isolation. *See Portley-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002) (thirty days in punitive segregation did not constitute an atypical and significant hardship). Plaintiff's only specific complaint is that he was deprived of a mattress for twelve hours per day and deprived of other unspecified privileges. (Doc. No. 2 at 4-5.) Although the loss of any privilege is undoubtedly a hardship to a prisoner, the conditions Plaintiff describes in his Complaint do not amount to an atypical and significant hardship in relation to the ordinary incidents of prison life. *See Kennedy v. Blankenship*, 100 F.3d 640, 642-43 (8th Cir. 1996) (thirty days in punitive isolation, including restrictions on mail and telephone privileges, visitation privileges, commissary privileges, and personal possessions, did not constitute an atypical and significant hardship). Accordingly, Plaintiff did not have a liberty interest in avoiding the disciplinary confinement imposed, and the Due Process Clause is not implicated.

Nor can Plaintiff demonstrate an Eighth Amendment violation. To state such a claim, a plaintiff must show a serious deprivation of "the minimal civilized measure of life's necessities" and "offending conduct [that is] wanton." *Key v. McKinney*, 176 F.3d 1083, 1086 (8th Cir. 1999) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298, 302 (1991)). A successful challenge to the conditions of one's confinement requires a showing that prison officials were deliberately indifferent to the inmate's health or safety. *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Conditions similar to, and worse than, those Plaintiff describes in his Complaint have been held not to violate an inmate's Eighth Amendment rights. *See, e.g.*, *O'Leary v. Iowa State Men's Reformatory*, 79 F.3d 82, 83-84 (8th Cir. 1996) (several days without underwear, blankets, mattress, exercise, or

visits not in violation of Eighth Amendment); *Williams v. Delo*, 49 F.3d 442, 444 (8th Cir. 1995) (four days without clothes, mattress, water, bedding, legal mail, or hygienic supplies not in violation of Eighth Amendment). While thirty days without a mattress would no doubt be uncomfortable, Plaintiff alleges he was deprived of a mattress for only twelve hours per day.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 22nd day of November, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."